UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

CASEY SPRINGER,
on behalf of himself and
all others similarly situated,

        Plaintiff,

    v.

CENTRAL TEMPERATURE
EQUIPMENT SERVICE, INC.
1054 American Drive
Neenah, Wisconsin 54956

        and

PETER JOCH
1054 American Drive
Neenah, Wisconsin 54956

        Defendants

Case No. 21-cv-783

**COLLECTIVE AND CLASS
ACTION COMPLAINT
PURSUANT TO 29 U.S.C. §216(b)
AND Fed. R. Civ. P. 23**

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

## PRELIMINARY STATEMENT

1.    This is a collective and class action brought pursuant to the Fair Labor Standards

Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis.

Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code

§ DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R.

Civ. P. 23, by Plaintiff, Casey Springer, on behalf of himself and all other similarly situated

current and former hourly-paid, non-exempt employees of Defendants, Central Temperature

Equipment Service, Inc. and Peter Joch, for purposes of obtaining relief under the FLSA and

WWPCL for unpaid overtime compensation, unpaid agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.  Defendants operated (and continue to operate) an unlawful compensation system that deprived and failed to compensate Plaintiff and all other current and former hourly-paid, non-exempt employees for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by: (1) shaving time from Plaintiff's and all other hourly-paid, non-exempt employees' weekly timesheets for pre-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendants, in violation of the FLSA and WWPCL; and (2) making deductions from Plaintiff's and all other hourly-paid, non-exempt employees' previously-earned wages even though said employees did not authorize the deduction in writing and immediately prior to the deduction, in violation of the WWPCL.

3.  Defendants' failure to compensate its hourly paid, non-exempt employees for compensable work performed each workweek, including but not limited to at an overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

4.  Plaintiff also brings claims and causes of action against Defendants in his individual capacity under the FLSA and WWPCL for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, unpaid agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate. Specifically, during Plaintiff's employment with Defendants and during the workweeks that comprised approximately June 9, 2021 to June 18, 2021,

Defendants suffered or permitted Plaintiff to work without compensating him for any hours worked or work performed during these workweeks, in violation of the FLSA and WWPCL.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants reside and/or have substantial and systematic contacts in this District.

## PARTIES

8.      Plaintiff, Casey Springer, is an adult male resident of the State of Wisconsin residing at 1515 Oak Street, Oshkosh, Wisconsin 54901.

9.      Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) was contemporaneously filed with the Complaint (ECF No. 1).

10.     Defendant Central Temperature Equipment Service, Inc. (hereinafter simply, and when referred to singularly, "Defendant Central Temperature"), is a Neenah, Wisconsin-based company with a principal office address of 1054 American Drive, Neenah, Wisconsin 54956.

11. Defendant Central Temperature provides residential and commercial HVAC services.

12. Defendant, Peter Joch, was, at all material times herein, an individual resident of the State of Wisconsin with a principal address of 1054 American Drive, Neenah, Wisconsin 54956.

13. Defendant Joch owns, operates, and manages Defendant Central Temperature.

14. For purposes of the FLSA, Defendants were "employers" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

15. For purposes of the WWPCL, Defendants were "employers" of Plaintiff, and Plaintiff was "employed" by Defendants, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

16. During the relevant time periods as stated herein, Defendant Central Temperature was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

17. During the relevant time periods as stated herein, Defendant Central Temperature employed more than two (2) employees.

18. During the relevant time periods as stated herein, Defendant Central Temperature's annual dollar volume of sales or business exceeded $500,000.

19. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendants, as these terms are defined under the FLSA and the WWPCL.

20. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked as an hourly-paid, non-exempt employee in the

position of Technician based out of Defendants' Neenah, Wisconsin facility, located at 1054 American Drive, Neenah, Wisconsin 54956.

21.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked alongside other hourly-paid, non-exempt Technicians based out of Defendants' Neenah, Wisconsin facility providing HVAC services to Defendants' clients and customers.

22.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other similarly-situated current and former hourly-paid, non-exempt employees performed compensable work and similar job duties at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge and who were all subject to Defendants' same unlawful compensation policies and practices as enumerated herein.

23.     During the relevant time periods as stated herein, Defendant Joch was an "employer" as that term is defined under the FLSA and/or the WWPCL.

24.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant Joch supervised Plaintiff's day-to-day activities and the day-to-day activities of all other hourly-paid, non-exempt employees.

25.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant Joch hired, terminated, promoted, demoted, and suspended Plaintiff and all other hourly-paid, non-exempt employees.

26.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant Joch reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt employees.

27.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant Joch established Plaintiff's work schedule and the work schedules of all other hourly-paid, non-exempt employees.

28.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant Joch established Plaintiff's and all other hourly-paid, non-exempt employees' hourly rates of pay and means of compensation.

29.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant Joch provided Plaintiff and all other hourly-paid, non-exempt employees with work assignments and hours of work.

30.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's hours of work and the hours of work of all other hourly-paid, non-exempt employees were tracked and recorded by Defendant Joch.

31.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant Joch established the work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt employees abided in the workplace.

32.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant Joch controlled the terms and conditions of Plaintiff's employment and the employment of all other hourly-paid, non-exempt employees.

33.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and in furtherance of performing their job duties on Defendants' behalf, Plaintiff and all other hourly-paid, non-exempt employees regularly engaged in interstate commerce, communications, and/or correspondence with Defendants' customers, prospective customers, suppliers, and/or vendors.

## **GENERAL ALLEGATIONS**

34.     In approximately March 2021, Defendants hired Plaintiff as an hourly-paid, non-exempt employee in the position of Technician working based out of Defendants' Neenah, Wisconsin facility.

35.     In approximately June 2021, Plaintiff's employment with Defendants ended.

36.     During the entirety of Plaintiff's employment with Defendants, Defendants compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

37.     During the entirety of Plaintiff's employment with Defendants, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

38.     On a daily basis during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were employed by Defendants in hourly-paid, non-exempt job positions and performed compensable work on Defendants' behalf, with Defendants' knowledge, for Defendants' benefit, and/or at Defendants' direction based out of Defendants' Neenah, Wisconsin facility.

39.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees regularly worked in excess of forty (40) hours per workweek.

40.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants had knowledge that Plaintiff and all other hourly-paid, non-exempt employees worked in excess of forty (40) hours per workweek.

41.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other hourly-paid, non-exempt employees on a bi-weekly basis via check.

42.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants' workweek for FLSA and WWPCL purposes was Wednesday through Tuesday.

43.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were non-union employees of Defendants.

44.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt employees were subject to Defendants' same unlawful policy, practice, custom, and/or scheme of shaving time (via electronic timeclock rounding) from Plaintiff's and all other hourly-paid, non-exempt employees' weekly timesheets for pre-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendants.

45.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were subject to Defendants' same pay and timekeeping policies and practices.

46.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants tracked and/or recorded Plaintiff's and all other hourly-paid, non-exempt employees' hours worked each workweek.

47.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt employees.

48.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt employees.

49.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt employees for all remuneration earned.

50.     At the beginning of each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants' expectation, requirement, and/or directive as communicated to Plaintiff and all other hourly-paid, non-exempt employees was to travel from their residences to Defendants' Neenah, Wisconsin location, and then to travel from Defendants' Neenah, Wisconsin location to off-location job sites geographically located throughout eastern Wisconsin.

51.     At the beginning of each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees travelled from their residences to Defendants' Neenah, Wisconsin location, and then travelled from Defendants' Neenah, Wisconsin location to off-location job sites geographically located throughout eastern Wisconsin.

52.     At the beginning of each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt employees' normal or customary daily routine was as follows: travel from their residences to Defendants' Neenah, Wisconsin location in their personal vehicles or company-owned vehicles; once at Defendants' Neenah, Wisconsin location, empty parts, materials, and trash from the company-owned vehicles, load the company-owned vehicles with parts and

materials necessary for the work day, check to see if various parts and materials had come in for other jobs for the work day, and complete job-related paperwork; received assignments for the day from Defendants; and then travel in their personal vehicles or company-owned vehicles from Defendants' Neenah, Wisconsin location to off-location job sites geographically located throughout eastern Wisconsin.

53.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt employees' work day commenced when they arrived at Defendants' Neenah, Wisconsin location in their personal vehicles or company-owned vehicles from their residences. Despite this, Defendants' policy in practice was to not commence compensating Plaintiff and all other hourly-paid, non-exempt employees' each work day until they began travelling in their personal vehicles or company-owned vehicles from Defendants' Neenah, Wisconsin location to off-location job sites geographically located throughout eastern Wisconsin.

54.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for hours worked and work performed at Defendants' Neenah, Wisconsin location each work day prior to travelling in their personal vehicles or company-owned vehicles from Defendants' Neenah, Wisconsin location to off-location job sites geographically located throughout eastern Wisconsin.

55.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the hours worked and work performed by Plaintiff and all other hourly-paid, non-exempt employees each work day after arriving at Defendants' Neenah, Wisconsin location each work day and prior to travelling in their personal vehicles or company-owned

vehicles from Defendants' Neenah, Wisconsin location to off-location job sites geographically located throughout eastern Wisconsin was necessary, essential, and integral to the performance of their job duties on behalf of Defendants.

56. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants shaved time from Plaintiff's and all other hourly-paid, non-exempt employees' timesheets each work day and each workweek in the manner described in the aforementioned paragraphs for pre-shift compensable work performed by failing to compensate Plaintiff and all other hourly-paid, non-exempt employees when compensable work commenced each work day; instead and in practice, Defendants simply compensated Plaintiff and all other hourly-paid, non-exempt employees as of their scheduled shift start times each workweek, to the detriment of said employees and to the benefit of Defendants.

57. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants made deductions from Plaintiff's and all other hourly-paid, non-exempt employees' previously-earned wages even though said employees did not authorize the deduction in writing and immediately prior to the deduction, in violation of the WWPCL.

58. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants' Employee Handbook contained the written policies that governed the terms and conditions of Plaintiff's and all other hourly-paid, non-exempt employees' employment with Defendants.

59. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants written policy as contained in its Employee Handbook relating to deductions, stated: "There will be one week's pay (40 hours) withheld as a guarantee

that all tools, credit cards, keys, etc. are returned to the company upon the termination of employment of employee."

60.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants effectuated their written policy by actually deducting at least "one week's pay (40 hours)" from Plaintiff's and all other hourly-paid, non-exempt employees' paychecks "as a guarantee that all tools, credit cards, keys, etc. are returned to the company upon the termination of employment of employee."

61.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants effectuated their written deduction policy in practice by actually making deductions from Plaintiff's and all other hourly-paid, non-exempt employees' previously-earned wages on a bi-weekly and/or ad hoc basis even though said employees did not authorize the deduction in writing immediately prior to the deduction, in violation of the WWPCL.

62.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

63.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants knew and/or was aware that its pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for all pre-shift compensable work performed as described herein.

64.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not properly and lawfully compensate Plaintiff and all

other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each work day and each workweek, including but not limited to at an overtime rate of pay.

65.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policies in practice unlawfully and impermissibly failed to, on a daily and/or weekly basis, compensate Plaintiff and all other hourly-paid, non-exempt employees when compensable work commenced each work day.

66.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and during workweeks when no overtime was due, if any, Defendants suffered or permitted Plaintiff and all other hourly-paid, non-exempt employees to work without being paid appropriate and lawful compensation for all hours worked and/or work performed each work day and each workweek.

67.     Defendants were or should have been aware that their compensation policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees in the same or similar fashion for all hours worked and/or work performed each work day and each workweek, including but not limited to at an overtime rate of pay.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

68.     Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendants within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek.

69. Plaintiff and the FLSA Collectives primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

70. Plaintiff and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

71. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants, as a matter of policy and practice, shaved time from the FLSA Collective's timesheets for all pre-shift hours worked and/or work performed each work day, resulting in Plaintiff and the FLSA Collective being denied overtime compensation by Defendants at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

72. The First Claim for Relief is brought under and maintained as an opt-in Collective Action pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective.

73. The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

74. Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff as stated herein are the same as those of the FLSA Collective.

75.    Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to properly and lawfully compensate employees for all work performed and/or hours worked at the correct and lawful overtime rate of pay each workweek, in violation of the FLSA.

76.    Defendants were or should have been aware that their unlawful practices failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

77.    The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendants. Notice can be provided to the FLSA Collectives via first class mail to the last address known by Defendants and through posting at Defendant Central Temperature's facility in areas where postings are normally made.

78.    Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

79.    Plaintiff brings this action on behalf of himself and all other similarly-situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23.  The similarly situated employees include:

> **WWPCL Class (Timeshaving):** All hourly-paid, non-exempt employees employed by Defendants within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek.

**WWPCL Class (Unlawful Deductions):** All hourly-paid, non-exempt employees employed by Defendants within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) who have had previously-earned remuneration deducted from their paychecks by Defendants without authorizing the deduction in writing immediately prior to the deduction.

80.     The members of the Wisconsin Classes are readily ascertainable. The number and identity of the members of the Wisconsin Classes are determinable from the records of Defendants. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Classes are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

81.     The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over forty (40) members of each of the Wisconsin Classes.

82.     Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Classes, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Classes in separate actions. All of the members of the Wisconsin Classes were subject to the same practices of Defendants, as alleged herein. Defendants' policies and practices affected all members of the Wisconsin Classes similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Classes. Plaintiff and other members of the Wisconsin Classes sustained similar losses, injuries and damages arising from the same unlawful policies and practices and procedures.

83.    Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Classes and has no interests antagonistic to the Wisconsin Classes. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

84.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Classes to redress the wrongs done to them.

85.    Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Classes, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the

Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

86. Defendants have violated the WWPCL regarding payment of regular wages and overtime wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

87. There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Classes arising from Defendants' actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Wisconsin Classes is compensable under federal law and/or Wisconsin law; (2) Whether Defendants engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Classes to perform work for Defendants' benefit without being properly compensated; (3) Whether Defendants failed to pay Plaintiff and the Wisconsin Classes for all work Defendants suffered or permitted them to perform each work day and each workweek; (4) Whether Defendants deducted remuneration from Plaintiff's and the Wisconsin Classes' paychecks without receiving authorization for the deduction in writing immediately prior to the deduction; and (5) The nature and extent of class-wide injury and the measure of damages for the injury.

88. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency,

economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

## **INDIVIDUAL ALLEGATIONS**

89.     During Plaintiff's employment with Defendants and during the workweeks that comprised approximately June 9, 2021 to June 18, 2021, Defendants did not compensate Plaintiff for any hours worked or work performed.

90.     During Plaintiff's employment with Defendants and during the workweeks that comprised approximately June 9, 2021 to June 18, 2021, Defendants suffered or permitted Plaintiff to work without compensating Plaintiff for any hours worked or work performed.

91.     During Plaintiff's employment with Defendants and during the workweeks that comprised approximately June 9, 2021 to June 18, 2021, Defendants suffered or permitted Plaintiff to work without compensating Plaintiff with an effective hourly rate of at least $7.25 per hour for any and all hours worked or work performed.

92.     During Plaintiff's employment with Defendants and during the workweeks that comprised approximately June 9, 2021 to June 18, 2021, Defendants suffered or permitted Plaintiff to work without compensating Plaintiff with his agreed-upon and regularly hourly rate of pay of $22.00 for any and all hours worked or work performed.

93.     During Plaintiff's employment with Defendants and during the workweeks that comprised approximately June 9, 2021 to June 18, 2021, Defendants did not compensate Plaintiff for any earned compensation.

94.     During Plaintiff's employment with Defendants and during the workweeks that comprised approximately June 9, 2021 to June 18, 2021, Defendants knew or should have known

that Plaintiff must be compensated for all hours worked (and for all hours Defendants suffered or permitted him to work) in a workweek in accordance with the FLSA and WWPCL.

95.     Defendants had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

96.     Defendants owe Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with Defendants during the workweeks that comprised approximately June 9, 2021 to June 18, 2021 and for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages.

**FIRST CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime Wages**
**(Plaintiff on behalf of himself and the FLSA Collective – Timeshaving)**

97.     Plaintiff, on behalf of himself and the FLSA Collective, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

98.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

99.     At all times material herein, Defendants were subject to the overtime pay requirements of the FLSA and were an employer of Plaintiff and the FLSA Collective as defined in FLSA, 29 U.S.C. § 203(b).

100.    At all times material herein, Plaintiff and the FLSA Collective were employees of Defendants as provided under the FLSA.

101.    Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

102.    Defendants violated the FLSA by suffering or permitting Plaintiff and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours each workweek. Specifically, Defendants failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for pre-shift hours worked and work performed at Defendants' Neenah, Wisconsin location each work day prior to travelling in their personal vehicles or company-owned vehicles from Defendants' Neenah, Wisconsin location to off-location job sites geographically located throughout eastern Wisconsin.

103.    By failing to compensate the FLSA Collective in such a fashion as described herein, this unlawful compensation practice denied Plaintiff and the FLSA Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

104.    The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

105.    Defendants' failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendants have not acted in good faith and with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants did not act willfully in failing to pay

overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

106.    Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

107.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violation of the WWPCL – Unpaid Overtime Wages**
**<u>(Plaintiff, on behalf of himself and the Wisconsin Class - Timeshaving)</u>**

108.    Plaintiff, on behalf of himself and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

109.    At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

110.    At all relevant times, Defendants were an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

111.    At all relevant times, Defendants had employed Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

112.    Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

113.    At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

114.    Throughout the Wisconsin Class Period, Defendants maintained and perpetrated an unlawful compensation practice that shaved time from Plaintiff's and the Wisconsin Class' timesheets for all pre-shift hours worked and/or work performed each work day and each workweek, resulting in Defendants impermissibly and unlawfully failing to compensate Plaintiff and the Wisconsin Class for any and all pre-shift hours worked and/or work performed each work day and each workweek at an overtime rate of pay, in violation of the WWPCL.

115.    Defendants willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the WWPCL.

116.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

117. Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

### THIRD CLAIM FOR RELIEF
### Violation of the WWPCL – Unpaid Wages
### (Plaintiff, on behalf of himself and the Wisconsin Class – Unlawful Deductions)

118. Plaintiff, on behalf of himself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

119. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

120. At all relevant times, Defendants were employers of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

121. At all relevant times, Defendants employed Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

122. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

123. At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

124. At all times material herein and throughout the Wisconsin Class Period, Wis. Stat. § 103.455 was applicable, which states, in relevant part: "No employer may make any deduction from the wages due or earned by any employee, who is not an independent contractor, for

defective or faulty workmanship, lost or stolen property or damage to property, unless the employee authorizes the employer in writing to make that deduction…"

125.    Throughout the Wisconsin Class Period, Defendants willfully deducted remuneration from Plaintiff's and the Wisconsin Classes' paychecks without receiving authorization for the deduction in writing immediately prior to the deduction, in violation of the WWPCL.

126.    Throughout the Wisconsin Class Period, Plaintiff and the members of the Wisconsin Class have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

127.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

**FOURTH CLAIM FOR RELIEF**
**Violation of the FLSA – Minimum Wages**
**(Plaintiff, on behalf of himself)**

128.    Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

129.    Section 206(a)(1) of the FLSA regulates, among other things, the payment of a minimum wage by employers whose employees are engaged in commerce, or engaged in the

production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

130.    At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

131.    Defendants intentionally violated the FLSA by failing to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for all hours worked during the workweeks from approximately June 9, 2021 to June 18, 2021 during his employment with Defendants.

132.    Defendants' failure to properly and legally compensate Plaintiff for all compensable work performed at a minimum rate of pay was willfully perpetrated. Defendants have not acted in good faith and with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendants acted reasonably and with good faith in failing to pay minimum wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

133.    As a result of the aforesaid willful violations of the FLSA's provisions, minimum wages have been unlawfully withheld from Plaintiff by Defendants.

134.    Plaintiff is entitled to damages equal to the minimum wages due and owing to him within the three (3) years preceding the date of filing of the Complaint, ECF No. 1, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting his claims against Defendants.

135.     Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## FIFTH CLAIM FOR RELIEF
## Violation of the WWPCL – Minimum Wages
## (Plaintiff, on behalf of himself)

136.     Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

137.     At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

138.     At all times material herein, Defendants were an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

139.     At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

140.     At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including but not limited to compensation for any and all hours worked from approximately June 9, 2021 to June 18, 2021.

141.     Defendants willfully and intentionally violated the WWPCL by failing to compensate Plaintiff with an hourly rate of at least $7.25 per hour for all hours worked during the workweeks from approximately June 9, 2021 to June 18, 2021 during his employment with Defendants.

142. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

143. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

### SIXTH CLAIM FOR RELIEF
### Violation of the WWPCL – Failure To Pay An Agreed-Upon Wage
### (Plaintiff, on behalf of himself)

144. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

145. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

146. At all times material herein, Defendants were an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

147. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

148. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for

these activities, including but not limited to compensation for any and all hours worked from approximately June 9, 2021 to June 18, 2021.

149. During Plaintiff's employment with Defendants, Defendants willfully and intentionally failed to compensate Plaintiff for all hours worked and work performed, including but not limited to with agreed-upon wages as defined in Wis. Stat. § 109.01(3), by failing to compensate Plaintiff with his agreed-upon regular or hourly rate of pay of $22.00 for any and all hours worked during the workweeks from approximately June 9, 2021 to June 18, 2021 during his employment with Defendants, in violation of the WWPCL.

150. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

151. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt employees who worked at and/or were employed by Defendants informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendants to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for unpaid overtime wages and/or regular wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendants to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt employees damages in the form of their unlawful deductions as provided by the WWPCL;

g) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing and requiring Defendants to pay Plaintiff unpaid wages – including but not limited to minimum wages and agreed-upon wages – for pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid by Defendants under the FLSA and WWPCL;

i) Issue an Order directing Defendants to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

j) Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt employees with other relief that the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 24th day of June, 2021

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *Scott S. Luzi*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com